















RXC    5/22/02    14:48

3:02-CV-01003   USA V. MICRO STAR SOFTWARE

*1*

*CMP.*

ORIGINAL

FILED

02 MAY 22 AM 11:56

CLERK U.S. ...
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

PATRICK K. O'TOOLE
United States Attorney
TOM STAHL
Chief, Civil Division
Assistant United States Attorney
California State Bar No. 078291
880 Front Street, Room 6293
San Diego, CA 92101-8893
(619) 557-7140

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>         Plaintiff, ) <br>         v. ) <br> MICRO STAR SOFTWARE, INC., and ) <br> STEPHEN BENEDICT, ) <br>         Defendants. ) <br> _____ ) | Civil Action No.: <br><br> '02 CV 1003 W (POR) <br><br> COMPLAINT FOR CIVIL PENALTIES, INJUNCTIVE AND OTHER RELIEF |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), for its complaint, alleges that:

Page 1 of 15

1. Plaintiff brings this action under Sections 5(a), 5(m)(1)(A), 13(b), 16(a) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a) and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6101, et seq., and the Unordered Merchandise Statute, 39 U.S.C. § 3009, to obtain monetary civil penalties and injunctive and other relief for Defendants' violations of Section 5 of the FTC Act, the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule," 16 C.F.R. Part 310, and the Unordered Merchandise Statute.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), 1339, 1345, and 1355 and 15 U.S.C. §§ 45(m)(1)(A), 53(b), 57b, and 6105(b).

3. Venue in the United States District Court for the Southern District of California is proper under 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b) and (c), and 1395(a).

## DEFENDANTS

4. Defendant Micro Star Software, Inc. ("Micro Star") is a California corporation with its office and principal place of business located within the Southern District of California at 2245 Camino Vida Roble, Carlsbad, CA 92009. Micro Star transacts business in the Southern District of California. Micro Star does business as Crystal Vision Software Services ("Crystal Vision").

5. Defendant Stephen Benedict is the president and the sole shareholder of Micro Star. His business address is the same as that of the corporate defendant. Individually or in concert with others, defendant Stephen Benedict formulated, directed, and controlled the acts and practices of Micro Star and Crystal Vision, including the various acts and practices set forth herein. Stephen Benedict resides and transacts business in the Southern District of California.

## COMMERCE

6. At all times relevant to this Complaint, the Defendants' course of business, including the acts and practices alleged herein, has been and is in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' COURSE OF CONDUCT

### Continuity Program for Computer Products and Services

7. Defendants develop and sell computer programs and provide computer technical support services.

8. Since June 1994, in connection with the sale, offering for sale, or distribution of its computer programs and its technical support services, the Defendants have operated the Crystal Vision continuity program which ships computer programs on a monthly basis and provides computer technical support services to it members.

### Telemarketing Calls

#### Introductory 30-day Trial Offer

9. In numerous instances since June 1994, the Defendants have marketed memberships in their continuity program through outbound telemarketing calls made to consumers throughout the United States.

10. Defendant Stephen Benedict has developed and approved the telemarketing scripts used during these outbound telemarketing calls and directs and controls the telemarketers who make these outbound telemarketing calls.

11. During the telemarketing calls, the Defendants offer to send consumers a catalog of their products and an introductory package of computer programs for a 30-day trial period, for $19.95.

12. The Defendants state that, after reviewing the introductory package, consumers can become members of the Crystal Vision continuity program which offers its members discounts of up to 50% off retail computer program prices, monthly shipments of computer programs for $19.95, toll-free computer technical support, free internet service, and free e-mail.

13. When consumers agree to pay the initial $19.95 for the introductory package of computer programs for the 30-day trial period, the Defendants request consumers' personal financial payment information in the form of a debit or credit card account number. The Defendants' telemarketing scripts state, for example: "the only charge today is the $19.95 and that's 100% refundable so there's no risk, just call customer service within 30 days of receiving

Page 3 of 15

your package. All we ask is that you take a sincere look at everything, and don't just throw it in the garbage with Ed McMahon, Ok? (laugh) . . . And for the refundable $19.95 - did you want to use Visa, MasterCard, Discover, Amex, or debit card? We take all five."

14. If consumers accept the trial offer, the Defendants charge $19.95 to consumers' debit or credit card accounts and send consumers the catalog and the introductory package of computer programs. If consumers call within the 30-day trial period, they can obtain a refund of the $19.95.

### Non-Refundable Membership Fee and Automatic Enrollment in Continuity Program

15. The Defendants do not clearly and conspicuously disclose to consumers, however, that consumers must contact the Defendants to avoid further obligations. Defendants do not disclose that if consumers fail to contact the Defendants within the 30-day trial period to cancel, the Defendants will also charge a $49.95 non-refundable membership fee to the debit or credit card accounts consumers provided to pay $19.95 for the 30-day trial period, and will automatically enroll consumers in the continuity program. The Defendants merely state that "[o]ur service has a one time set up fee of only $49.95, *but you can read about it with your package*."

16. After consumers agree to pay for the trial offer, the Defendants state: "And just let us know in 30 days if you're not interested in the service and you won't be billed the one time set-up fee or receive any future shipments." This statement still does not adequately disclose, before consumers pay, that future charges will automatically ensue should consumers fail to contact the Defendants. Further, the statement fails to disclose adequately other material terms and conditions of the continuity program.

17. First, this statement does not explain that the "billing" of the one time set-up fee actually means that the Defendants will automatically charge a $49.95 membership fee to the debit or credit card account the consumers provide for the trial offer if the consumers do not contact the Defendants within the 30-day trial period.

18. Second, this statement fails to disclose that Defendants have a policy of not providing refunds of membership fees after 30 days; although in some cases they have provided

Page 4 of 15

partial refunds. Third, this statement fails to disclose that consumers who do not contact the Defendants during the 30-day trial period are automatically enrolled in the continuity program.

19. Fourth, this statement fails to disclose that the Defendants will automatically ship monthly packages of computer programs to consumers, each for a 30-day trial period, that they will automatically charge consumers' credit card or debit accounts $19.95 for each shipment, that consumers must contact the Defendants to seek a refund within each 30-day trial period, that consumers must pay for shipping to return packages of computer programs if they decide not to purchase them, and consumers' right to cancel their memberships.

### Subsequent Written Promotional Material

Post-Sale Disclosure of Terms and Conditions of Membership

20. After the Defendants obtain consumers' debit or credit card account information, they ship an initial package of computer programs, a catalog of computer programs sold by Crystal Vision, and literature relating to the Crystal Vision continuity program, to consumers who accept the 30-day trial offer. The literature includes a tri-fold brochure consisting of six pages that provides consumers with computer related information.

21. In the interior of this tri-fold brochure, which is received by consumers *after* the initial telemarketing sales calls and *after* Defendants have obtained consumers' debit or credit card account information, the Defendants disclose their policy of not providing refunds of the $49.95 membership fee after 30 days.

22. The brochure also discloses that the Defendants will send a package of computer programs to Crystal Vision continuity program members on a monthly basis unless members call to request bi-monthly or quarterly shipments, and that the Defendants will "bill" members $19.95 for each shipment. Again, the Defendants disclose these terms of the continuity program *after* the initial telemarketing sales calls and *after* they have obtained consumers' debit or credit card account information.

23. These post-sale disclosures are not adequate because they were not made before consumers agreed to pay $19.95 for the introductory 30-day trial offer of computer programs during the initial telemarketing calls.

Page 5 of 15

24. These disclosures also fail to disclose material terms and conditions of membership in the continuity program, including that each monthly package of computer programs consumers receive is for a 30-day trial period, that consumers must contact the Defendants to seek a refund within each 30-day trial period or incur a non-refundable financial obligation, that consumers must pay for shipping to return monthly packages of computer programs if they decide not to purchase them, and consumers' right to cancel their memberships.

<u>Post-Sale Disclosures Are Not Clear and Conspicuous</u>

25. The disclosures made in the brochure are also not clear and conspicuous. Consumers must unfold the tri-fold brochure to find these disclosures, which are located on an interior third page. In addition, nothing on the packaging in which consumers receive the introductory shipment alerts consumers that important membership terms are included inside the package.

26. Consumers who have not received the material terms and conditions of membership, either during telemarketing calls or in the post-sale disclosures, therefore have no reason to believe that subsequent periodic shipments are anything other than unordered merchandise which they may keep as a gift or discard without any consequences.

**Post-Enrollment Procedures and Refunds**

27. The Defendants automatically enroll all consumers who fail to contact them within 30 days after receiving the introductory package in the Crystal Vision continuity program and automatically charge a one-time, non-refundable $49.95 membership fee to the debit or credit card accounts consumers gave to pay $19.95 for the introductory, trial computer program package.

28. The Defendants then ship computer program packages on a monthly basis to Crystal Vision members, unless consumers call the Defendants to request that shipments be made on a bi-monthly or quarterly basis, and automatically charge consumers' credit card or debit accounts $19.95 for each shipment.

29. Because the Defendants failed to adequately inform consumers of the terms and conditions of membership in the continuity program, consumers have experienced unauthorized

charges to their credit and debit card accounts for membership fees and for subsequent periodic shipments of unordered merchandise.

30. The Defendants inform consumers who call to request a refund of the membership fee after the initial 30-day trial period that the membership fee is non-refundable. The Defendants sometimes provide refunds of membership fees to consumers after the initial 30-day trial period, but they are often only partial refunds. Consumers have therefore paid full or partial membership fees even though the Defendants did not clearly and conspicuously disclose the non-refundable nature of the fee or that consumers had to contact the Defendants to avoiding incurring financial obligation for the fee.

31. The Defendants also inform consumers who call to request a refund for a subsequent monthly shipment after the 30-day trial period relating to that shipment has elapsed that the $19.95 is not refundable. The Defendants sometimes provide refunds of the $19.95 monthly fee after the 30-day trial period relating to that shipment, but they are often only partial refunds. Consumers have therefore paid full or partial fees for monthly shipments even though the Defendants did not clearly and conspicuously disclose all material terms and conditions of membership in the continuity program, including that monthly fees are non-refundable after 30 days.

## THE FTC ACT

32. Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1), provides that "unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful."

33. Misrepresentations or omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

## FTC ACT VIOLATIONS

## COUNT I

34. In numerous instances since June 1994, in connection with the sale, offering for sale, or distribution of computer programs and services through the Crystal Vision Software Services continuity program, as described in paragraphs 7 through 31 above, Defendants have represented,

expressly or by implication, that consumers who agree to their offers will receive a package of computer programs for a 30-day trial period.

35. Defendants have failed to disclose or to disclose adequately to consumers material terms and conditions, including:

    a.    that consumers must contact Defendants within an initial trial period to prevent automatic enrollment in the Crystal Vision continuity program and the payment of a membership fee;

    b.    that the Defendants periodically ship merchandise for a trial period to Crystal Vision continuity program members without any further action by consumers and automatically charge consumers' debit or credit card accounts $19.95 for each shipment of merchandise consumers receive;

    c.    that consumers must contact the Defendants to seek a refund for shipments before the trial period relating to that shipment elapses;

    d.    that consumers must pay for shipping to return packages of computer programs if they decide not to purchase them; and

    e.    consumers' right to cancel their memberships.

36. As a result of the representation set forth in paragraph 34, Defendants' failure to disclose or to disclose adequately the material information set forth in paragraph 35 is a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT II

37. In numerous instances since June 1994, in connection with the sale, offering for sale, or distribution of computer programs and services through the Crystal Vision Software Services continuity program, as described in paragraphs 7 through 31 above, Defendants have represented, expressly or by implication, that consumers who accept packages of computer programs for 30-day trial periods incur no risks or obligations.

38. In truth and in fact, consumers who accept packages of computer programs for 30-day trial periods must affirmatively contact the Defendants:

Page 8 of 15

a.    to prevent the Defendants from enrolling consumers in the Crystal Vision continuity program and charging consumers a non-refundable $49.95 membership fee;

b.    to prevent the Defendants from periodically shipping additional merchandise for which Defendants automatically charge consumers' debit or credit card accounts $19.95 for each shipment;

c.    to request refunds of $19.95 for each shipment made by Defendants before the trial period relating to that shipment elapses; and

d.    to avoid paying for shipping to return packages of computer programs if they decide not to purchase them.

39. Therefore, the representation set forth in paragraph 37 is false and misleading and constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT III

40. In numerous instances since June 1994, in connection with the telemarketing of computer programs and services through the Crystal Vision Software Services continuity program, as described in paragraphs 7 through 31 above, the Defendants have represented to consumers, expressly or by implication, that consumers have purchased or agreed to purchase goods or services from the Defendants, and therefore owe money to the Defendants.

41. In truth and fact, in numerous instances, consumers did not purchase or agree to purchase goods or services from the Defendants, and therefore do not owe money to the Defendants.

42. Therefore, the representations set forth in paragraph 40 are false and misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### TELEMARKETING SALES RULE

43. Pursuant to the Telemarketing Act, on August 16, 1995, the FTC promulgated the Telemarketing Sales Rule, 16 C.F.R. Part 310, with a Statement of Basis and Purpose, 60 Fed.

Reg. 43842 (Aug. 23, 1995). The Rule became effective on December 31, 1995, and has since that date remained in full force and effect.

44. The Telemarketing Sales Rule prohibits deceptive and abusive telemarketing acts or practices. Specifically, the Telemarketing Sales Rule contains the following provisions:

Sec. 310.3 Deceptive telemarketing acts or practices.

(a) Prohibited deceptive telemarketing acts or practices. It is a deceptive telemarketing act or practice and a violation of this Rule for any seller or telemarketer to engage in the following conduct:

(1) Before a customer pays for goods or services offered, failing to disclose, in a clear and conspicuous manner, the following material information:

* * * * *

(ii) All material restrictions, limitations, or conditions to purchase, receive, or use the goods or services that are the subject of the sales offer;

(iii) If the seller has a policy of not making refunds, cancellations, exchanges, or repurchases, a statement informing the customer that this is the seller's policy; or, if the seller or telemarketer makes a representation about a refund, cancellation, exchange, or repurchase policy, a statement of all material terms and conditions of such policy;

* * * * *

45. The Telemarketing Sales Rule's Statement of Basis and Purpose explains that, "[t]he Commission intends that the disclosures be made before the consumer divulges to a telemarketer or seller credit card or bank account information. Thus, a telemarketer or seller who fails to provide the disclosures until the consumer's payment information is in hand violates the Rule." 60 Fed. Reg. 43842, 43846 (Aug. 23, 1995).

46. Pursuant to Section 3(c) of the Telemarketing Act, 15 U.S.C. § 6102(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), violations of the Telemarketing Sales Rule are unfair or deceptive acts or practices in or affecting commerce, in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

47. Defendants are telemarketers or sellers engaged in telemarketing within the meaning of the Telemarketing Sales Rule, 16 C.F.R. §§ 310.2(r) and (u).

## TELEMARKETING SALES RULE VIOLATIONS

### COUNT IV

48. In numerous instances since June 1994, in connection with the telemarketing of computer programs and services through the Crystal Vision Software Services continuity program, as described in paragraphs 7 through 31 above, the Defendants have failed to disclose, in a clear and conspicuous manner, before a consumer pays, all material restrictions, limitations, or conditions to purchase, receive, or use the goods or services that are the subject of the sales offer, including, without limitation:

   a.    that consumers must contact Defendants within an initial trial period to prevent automatic enrollment in the Crystal Vision continuity program and the payment of a membership fee;

   b.    that the Defendants periodically ship merchandise for a trial period to Crystal Vision continuity program members without any further action by consumers and automatically charge consumers' debit or credit card accounts $19.95 for each shipment of merchandise consumers receive;

   c.    that consumers must contact the Defendants to seek a refund for shipments before the trial period relating to that shipment elapses;

   d.    that consumers must pay for shipping to return packages of computer programs if they decide not to purchase them; and

   e.    consumers' right to cancel their memberships.

49. The Defendants have failed to disclose the required information before consumers divulge to the telemarketers their credit card or bank account information and have further failed to disclose the required information in a clear and conspicuous manner at any time during the telemarketing sales calls, thereby violating Section 310.3(a)(1)(ii) of the Telemarketing Sales Rule.

Page 11 of 15

## COUNT V

50. In numerous instances since June 1994, in connection with the telemarketing of computer programs and services through the Crystal Vision Software Services continuity program, as described in paragraphs 7 through 31 above, the Defendants have failed to disclose, in a clear and conspicuous manner, before a consumer pays, that the Defendants have a policy of not making full refunds of the $49.95 membership fee after the initial trial period.

51. The Defendants have failed to disclose this refund policy before consumers divulge to the telemarketers their credit card or bank account information and have further failed to disclose this required information in a clear and conspicuous manner at any time during the telemarketing sales calls, thereby violating Section 310.3(a)(1)(iii) of the Telemarketing Sales Rule.

## THE UNORDERED MERCHANDISE STATUTE

52. The Unordered Merchandise Statute, 39 U.S.C. § 3009 (1970) generally prohibits shipping unordered merchandise, unless such merchandise is clearly and conspicuously marked as a free sample, or is merchandise mailed by a charitable organization soliciting contributions. The statute also prohibits billing and sending dunning communications to recipients of unordered merchandise.

53. Pursuant to Section (a) of the Unordered Merchandise Statute, 39 U.S.C. § 3009(a), violations of the Unordered Merchandise Statute are unfair or deceptive acts or practices in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

## UNORDERED MERCHANDISE STATUTE VIOLATIONS

## COUNT VI

54. In numerous instances since June 1994, in connection with the sale, offering for sale, or distribution of computer programs and services through the Crystal Vision Software Services continuity program, as described in paragraphs 7 through 31 above, the Defendants, who are not a charitable organization soliciting contributions, have mailed packages of computer programs to consumers without the prior expressed request or consent of the recipients, or without identifying

it as a free sample, thereby violating Section (a) of the Unordered Merchandise Statute, 39 U.S.C. § 3009(a).

### CONSUMER INJURY

55. Numerous consumers throughout the United States have suffered and continue to suffer substantial monetary loss as a result of Defendants' unlawful acts or practices. In addition, the Defendants have been unjustly enriched as a result of their unlawful practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

### COURT'S POWER TO AWARD
### CIVIL PENALTIES, INJUNCTIVE AND OTHER RELIEF

56. Defendants have violated the Telemarketing Sales Rule as described above with knowledge as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

57. Each advertisement, promotional material or telemarketing call disseminated or made by the Defendants during the five years preceding the filing of this complaint that failed to comply with the Telemarketing Sales Rule in one or more of the ways described above constitutes a separate violation for which plaintiff seeks monetary civil penalties.

58. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), authorizes this Court to award monetary civil penalties of not more than $10,000 for each such violation of the Telemarketing Sales Rule that occurred prior to November 20, 1996. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, Pub.L. 104-134, and Federal Trade Commission Rule 1.98(d), 16 C.F.R. § 1.98(d), 61 Fed. Reg. 54548 (Oct. 21, 1996), authorize the Court to award monetary civil penalties of not more than $11,000 for each such violation of the Telemarketing Sales Rule that occurred after November 20, 1996.

59. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary relief, including consumer redress, disgorgement, and restitution to prevent and remedy any violations of any provision of law enforced by the Commission.

60. Section 19 of the FTC Act, 15 U.S.C. § 57b, and Section 6(b) of the Telemarketing Act, 15 U.S.C. § 6105(b), authorize the Court to grant to the FTC such relief as the Court finds necessary to redress injury to consumers or other persons resulting from Defendants' violations of the Telemarketing Sales Rule, including the rescission and reformation of contracts and the refund of money.

## PRAYER FOR INJUNCTIVE AND MONETARY RELIEF

WHEREFORE, Plaintiff requests that this Court, pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53b, 57b, and Section 6(b) of the Telemarketing Act, 15 U.S.C. § 6105(b), and the Court's own equity powers:

(1) Enter judgment against Defendants and in favor of Plaintiff for each violation alleged in this Complaint;

(2) Enjoin Defendants from violating the FTC Act, the Telemarketing Sales Rule, and the Unordered Merchandise Statute;

(3) Award Plaintiff monetary civil penalties from Defendants for each violation of the Telemarketing Sales Rule alleged in this Complaint;

(4) Grant Plaintiff consumer redress from Defendants, to include, without limitation:  (a) requiring Defendants to provide a full refund of any membership fee to any consumer who requests a refund within ninety (90) days of the date the Defendants charge any membership fee to consumers' credit or debit card accounts, and (b) requiring the Defendants to disclose clearly and conspicuously all terms and conditions of any Continuity Program, Trial Conversion Offer, or prenotification negative option plan covered by the Negative Option Rule on all packages shipped by the Defendants to consumers;

(5) Award Plaintiff such other and additional relief as the Court may deem just and proper.

DATED:

Of Counsel:                                    FOR THE UNITED STATES OF AMERICA:


ELAINE D. KOLISH                               ROBERT MCCALLUM
Associate Director for Enforcement             Assistant Attorney General
Bureau of Consumer Protection                  Civil Division
Federal Trade Commission                       U.S. Department of Justice

JAMES REILLY DOLAN                             PATRICK O'TOOLE
Assistant Director for Enforcement             United States Attorney
Bureau of Consumer Protection
Federal Trade Commission

EDWIN RODRIGUEZ                                By: _Tom Stahl_____
ROBIN ROSEN SPECTOR
Attorneys                                      Assistant United States Attorney (Bar No.      )
Division of Enforcement                        880 Front Street
Federal Trade Commission                       Room 6293
600 Pennsylvania Ave., NW                      San Diego, CA 92101-8893
Washington, DC 20580                           (619) 557-5610
(202) 326-3147
                                               EUGENE M. THIROLF
                                               Director
                                               Office of Consumer Litigation



                                               _Elizabeth Stein_____
                                               ELIZABETH STEIN
                                               Attorney
                                               Office of Consumer Litigation
                                               Civil Division
                                               U.S. Department of Justice
                                               950 Pennsylvania Avenue, NW
                                               Washington, DC 20530-0001
                                               (202) 307-0486

JS44
(Rev. 07/89)

## CIVIL COVER SHEET

FILED

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

02 MAY 22

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Micro Star Software, Inc., and Stephen Benedict |

CLERK, U.S. DIST. COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:                    DEPUTY
San Diego

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND |
|---|---|

02 CV 1003 W (POR)

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Tom Stahl, Assistant U.S. Attorney<br>880 Front St., Room 6293<br>San Diego, CA 92101<br>(619) 557-7140 | D. Reed Freeman, Jr.<br>Collier, Shannon, Scott, PLLC<br>3050 K St., N.W.<br>Washington, D.C. 20007-5108 (202) 342-8400 |

### II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☒1 | Incorporated or Principal Place of Business in This State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

### IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

Sections 5(a), 5(m)(1)(A), 13(b), 16(a) and 19 of the Federal Trade Comm. Act, 15 U.S.C. §§ 45(a), 53(B) 56(a), the Telemarketing & Consumer Fraud & Abuse Prevention Act, 15 U.S.C. § 1601, and Unordered Merchandise Statute, 39 USC 3009

### V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | Medical Malpractice | ☐ 625 Drug Related Seizure | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - | of Property 21 USC881 | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ Security Act | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

### VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☒ NO |
|---|---|---|---|

VIII. RELATED CASE(S) IF ANY (See Instructions):    JUDGE                    Docket Number

DATE 5/22/02

SIGNATURE OF ATTORNEY OF RECORD

Tom Stahl

TOM STAHL, Chief, Civil Division